CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED

JUL 31 2006

JOHN F. CORCORAN, CLERK
BY:
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | |
|---|---|
| ERIC A. HERNANDEZ, ) | |
|     Plaintiff, ) | Civil Action No. 7:06cv000362 |
| ) | |
| v. ) | **MEMORANDUM OPINION** |
| ) | |
| TRACY RAY, et al., ) | By: Samuel G. Wilson |
|     Defendants. ) | United States District Judge |

    Plaintiff Eric A. Hernandez, a Virginia inmate proceeding pro se, brings this action under the Civil Rights Act, 42 U.S.C. § 1983, alleging that the defendants failed to protect him from an assault by another inmate, denied him adequate medical attention after the assault, and failed to properly process his grievances related to this matter. Hernandez seeks more than $ 300,000 in damages and additional medical treatment for his alleged injuries. The court finds that Hernandez's complaint fails to state a claim upon which relief can be granted; and, therefore, dismisses this action without prejudice, pursuant to 28 U.S.C. § 1915A(b)(1).

I.

    Hernandez alleges that, on August 21, 2005, correctional officers failed to protect him from an assault by the prison barber, a fellow inmate who was cutting Hernadez's hair. Before the officers could stop the attack, Hernandez claims he was hit in the jaw and both ears, causing his jaw to swell, a cut on his upper lip, and difficulties with his hearing. However, Hernandez concedes that, at the time of the alleged assault, there were three officers only twelve feet away from him and that, immediately after the inmate began to hit him, the officers intervened. Hernandez alleges that correctional personnel should have known that the inmate was going to assault Hernandez because Hernandez is an "Ex. Gang Member" and because all the other inmates in the inmate's pod are gang members. Hernandez does not allege that he ever voiced

any concerns regarding any potential or actual threats to his safety due to his status as an "Ex. Gang Member," nor does he allege that the inmate who attacked him had threatened him and/or had a history of violence before this incident.

Hernandez claims that he was denied adequate medical care for the injuries he sustained in the assault because the institutional physician, Dr. Williams, refused to take x-rays of his jaw and/or refer him to a hearing specialist for further examination. However, Hernandez concedes that, immediately following the incident, Dr. Williams examined him and prescribed pain medication. Further, Hernandez admits that Dr. Williams and nursing staff saw him "several" additional times to treat him for his complaints of jaw and ear pain, and eventually referred him to Dr. Ohai. Dr. Ohai also declined to x-ray Hernandez's jaw and/or refer him to a specialist for a hearing exam and, following an extensive examination, stopped his prescribed pain reliever and advised Hernandez to take an over-the-counter pain medication for any lingering discomfort. Hernandez also complains that defendants have denied him due process in failing to properly process his grievances related to the assault, his medical care, and his concerns regarding prison haircuts.

## II.

By order entered June 19, 2006, Hernandez was advised that his complaint failed to state a claim under §1983 against anyone. Hernandez was directed to amend his complaint to name individuals as defendants, alleging facts concerning conduct undertaken by each defendant, personally, in violation of plaintiff's rights, and to particularize the facts of his claim. Hernandez has now submitted two additional motions which the court will construe as a motion to amend and an amended complaint particularizing his claims and a motion to dismiss all claims raised

against R. Mullins, Sgt. F.L., F. Taylor, R. Sutherland, and Dilijate. For good cause shown, Hernandez's motions are hereby granted, his complaint shall be amended to particularize the facts of his claims, and all claims raised against R. Mullins, Sgt. F.L., F. Taylor, R. Sutherland, and Dilijate are dismissed and those defendants are terminated as parties in this action.

### III.

Generally, prison officials have a duty to protect prisoners from violence at the hands of other inmates. Farmer v. Brennan, 511 U.S. 825, 833 (1994). However, not every incident of violence subjects prison officials to liability under the Eight Amendment. Id. at 834. Rather, the inmate must show that prison officials were more than just negligent as to the plaintiff's safety, but were instead deliberately indifferent to a substantial risk of serious harm. Id; Estelle v. v. Gamble, 492 U.S. 97, 104 (1976). Specifically, the plaintiff must show that prison officials knew of and disregarded an excessive risk of harm. Farmer, 511 U.S. at 838. Hernandez complains that correctional officers should have protected him from an attack by an inmate, but Hernandez has not suggested that prison officials knew that the inmate posed a significant threat to him, that the inmate had an established pattern of violence or aggression, or that prison officials were aware of any propensity for violence against Hernandez on the inmate's part. Moreover, Hernandez concedes that, at the time of the alleged assault, three officers standing only twelve feet away were watching him and the other inmate and that those officers immediately intervened once the inmate began to hit Hernandez. As such, Hernandez has failed to state an actionable claim under the Eighth Amendment.

### III.

To establish a claim of denial of adequate medical care under the Eighth Amendment, a

3

plaintiff must show that the defendants knew of and disregarded an objective serious medical need or risk of harm. Estelle, 429 U.S. at 104; Rish v. Johnson, 131 F.2d 1092, 1096 (4th Cir. 1997). A claim regarding a disagreement between an inmate and medical personnel over diagnosis or course of treatment and allegations of malpractice or negligence in treatment do not state cognizable constitutional claims under the Eighth Amendment. Wright v. Collins, 766 F.2d 841, 849 (4th Cir. 1985); Estelle, 429 U.S. at 105-06. Moreover, claims of medical judgment are not subject to judicial review. Russell v. Sheffer, 528 F.2d 318 (4th Cir. 1975). Although Hernandez alleges that the medical department has refused to give him the "appropriate diagnostic test[s]" for his alleged jaw pain and hearing impairments, he concedes he has been examined and treated "several" times by at least two different physicians and the institutional nursing staff and that both physicians determined he did not need x-rays or a referral to a hearing specialist. Thus, Hernandez's claims amount to nothing more than an allegation of negligence and/or a disagreement between Hernandez and medical personnel regarding the proper course of diagnosis or treatment, neither of which are actionable under the Eighth Amendment.

## IV.

Inasmuch as a state grievance procedure does not confer any substantive right upon prison inmates, a prison employee's failure to comply with the state's grievance procedure does not violate due process. Adams v. Rice, 40 F.2d 72 (4th Cir. 1994). Accordingly, an improper response to Hernandez's grievances or a failure to properly process his complaints related to the assault, his medical treatment, and/or his concerns regarding institutional haircuts does not raise a claim of constitutional magnitude.

4

## IV.

For the stated reasons, Hernandez's complaint will be dismissed pursuant to § 1915A(b)(1) for failure to state a claim.

ENTER: This 31st day of July, 2006.

United States District Judge

5